# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP3009-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Roger G. Merry, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　　Complainant-Respondent,<br>　　v.<br>Roger G. Merry,<br>　　　　　Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST MERRY

| | |
|---|---|
| OPINION FILED: | June 4, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 18, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| CONCURRED/DISSENTED: | ABRAHAMSON, C.J., BRADLEY, J., concur/dissent. (Opinion filed.) |
| NOT PARTICIPATING: | |

ATTORNEYS:

　　　For the respondent-appellant, there were briefs by *Christopher T. Kolb* and *Halling & Cayo, S.C.*, Milwaukee, and oral argument by *Christopher T. Kolb*.

　　　For the Office of Lawyer Regulation, there was a brief by *Kim M. Kluck*, Sun Prairie, and oral argument by *Kim M. Kluck*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2011AP3009-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Roger G. Merry, Attorney at Law:**

**Office of Lawyer Regulation,**

            **Complainant-Respondent,**

      **v.**

**Roger G. Merry,**

            **Respondent-Appellant.**

**FILED**

**JUN 4, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Complaint dismissed.*

¶1  PER CURIAM.  Attorney Roger G. Merry appeals a referee's report recommending that he be publicly reprimanded for failing to cooperate with an Office of Lawyer Regulation (OLR) investigation.  We conclude the record does not support a failure to cooperate that warrants discipline.  We therefore dismiss the complaint.

¶2  Attorney Merry was admitted to practice law in Wisconsin on June 4, 1981.  He has been disciplined on five

prior occasions.[1] This matter arose following Attorney Merry's representation of plaintiffs in a neighborhood property dispute. The underlying controversy involved a private road that crossed the backyards of adjacent residential properties in the Village of New Glarus. J.F., the eventual defendant, lived near the midpoint of the road. J.F. partially blocked the private drive where it crossed his property. His neighbors, the eventual plaintiffs, wanted to be able to use the full length of the drive. They retained Attorney Merry.

¶3 On October 4, 2007, Attorney Merry filed a lawsuit on behalf of the plaintiffs seeking a declaration of their rights to the drive. Foster v. Fabish, Green County Case No. 2007CV342. The width of the easement became important in the case. Attorney Merry's clients asserted that an easement width of 14 feet was needed to accommodate fire department and

---

[1] In 1990 Attorney Merry was privately reprimanded for engaging in a conflict of interest. Private Reprimand, No. 1990-26. In 1993 Attorney Merry was publicly reprimanded for client fund and trust account violations, as well as making at least six intentional misrepresentations to the former Board of Attorneys Professional Responsibility, the OLR's predecessor. Public Reprimand of Roger G. Merry, No. 1993-3. In 1994 Attorney Merry was privately reprimanded for failing to keep a client reasonably informed about the status of a matter. Private Reprimand, No. 1994-8. In 1999 Attorney Merry was publicly reprimanded for a conflict of interest. Public Reprimand of Roger G. Merry, No. 1999-1. In 2008 Attorney Merry was publicly reprimanded for making a false statement to a tribunal; offering false evidence; and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Public Reprimand of Roger G. Merry, No. 2008-OLR-09.

emergency medical service (EMS) vehicles and personnel. The plaintiffs eventually lost their case on summary judgment.

¶4 On January 23, 2009, the defendant, J.F., filed a grievance with the OLR. He alleged that Attorney Merry had misrepresented facts to the court regarding the purported requirement of a 14-foot easement for EMS vehicles.

¶5 During the OLR's ensuing investigation, Attorney Merry refuted the claim that he offered false testimony. He provided a copy of a letter he received from the New Glarus EMS during the underlying litigation. The New Glarus EMS letter described a dirt pile and barricades on the road in question that, in the opinion of the New Glarus EMS, needed to be removed to increase accessibility. The letter made no explicit reference to a 14-foot easement requirement.

¶6 Attorney Merry also met with the OLR's district committee. At a meeting on November 11, 2009, he was asked about the source of the information for the purported requests from the fire department and EMS for a 14-foot easement. Attorney Merry claimed he did not recall any specific individual who provided this information. In other responses, he stated that "everyone knew" that the EMS and fire department requested 14-foot wide easements.

¶7 On December 29, 2011, the OLR filed a complaint alleging that Attorney Merry knowingly made a false statement of fact or law to a tribunal or failed to correct a false statement of material fact or law previously made to the tribunal in

violation of SCR 20:3.3(a)(1)[2] (Count One), and that he violated SCR 22.03(6)[3] and SCR 20:8.4(h)[4] by failing to cooperate with the OLR's investigative committee (Count Two). The OLR sought a 60-day suspension and full costs, which total $13,727.71 as of September 27, 2013.[5]

¶8 Referee John Decker conducted a one-day evidentiary hearing on September 11, 2012, and rendered a report on January 2, 2013.[6]

---

[2] SCR 20:3.3(a)(1) states a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . . ."

[3] SCR 22.03(6) provides:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[4] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

[5] The OLR has advised the court that it does not seek restitution. Attorney Merry filed objections to the OLR's costs on February 14, 2013, and October 3, 2013. We need not address those objections in light of our disposition of this case.

[6] We appointed Referee Decker on February 20, 2012. Attorney Merry, initially proceeding pro se, moved for judgment on the pleadings or, in the alternative, for summary judgment. Both parties submitted affidavits, discovery responses, and briefs. The referee conducted a hearing and denied Attorney Merry's motion. Attorney Merry then retained counsel and the matter proceeded to the evidentiary hearing.

¶9 The referee found that Attorney Merry did not make a misrepresentation to the court when he stated that his clients wanted an easement width of 14 feet for necessary access for fire department and EMS vehicles and equipment.[7] The referee recommended dismissal of Count One. The OLR did not appeal this recommendation and we accept the referee's findings and recommendations relating to this count. Count One is therefore dismissed.

¶10 The referee, however, determined that Attorney Merry willfully failed to provide relevant information and answer questions fully in the course of the OLR investigation, in violation of SCRs 22.03(6) and 20:8.4(h), as alleged in Count Two. He recommended a public reprimand and costs.

¶11 Attorney Merry appeals. The issue before us is whether Attorney Merry failed to cooperate with the OLR's investigation into his alleged misconduct and, if so, what sanction is appropriate.

---

[7] For example, on July 18, 2008, Attorney Merry filed a brief in the circuit court in which he wrote the following:

> In this case, the easement is established for ingress and egress to the lands in question. Ingress and egress include the necessity of accommodating emergency services such as fire trucks and ambulances. Accordingly, the easement should be established 14' wide as the stated measure for efficiently conveying ambulances and fire trucks into the neighborhood.

The referee found that this and other such statements were made as a matter of Attorney Merry's belief at the time the statement was made, and were based upon reasonably diligent investigation.

5

¶12 The OLR complaint alleged that Attorney Merry gave four different answers when he was asked to identify the source of the 14-foot easement request. Attorney Merry maintains that he simply did not remember who told him that 14 feet was the required width for EMS vehicles.

¶13 At the evidentiary hearing, the OLR presented the telephone testimony of a district committee member who was present at the November 2009 meeting. He recalled Attorney Merry's failure to furnish a name in response to questions about the source of the information pertaining to a 14-foot requirement for EMS vehicles and also recalled Attorney Merry saying that "everyone knows" about the 14-foot easement requirement. He stated that he thought Attorney Merry was "evasive" when he failed to provide the name of any individual.

¶14 When asked whether Attorney Merry's responses to this repeated question were "consistent with each other," the witness answered, "No. On occasion they would vary from one question to the next. That's about all I can remember with regard to whether they varied or not."[8]

---

[8] When pressed to explain how Attorney Merry's statements were inconsistent, the witness testified:

> A. The inconsistent statements were, one, he didn't provide us with the names of the persons who provided the information to him, and then he made a statement that everybody knows that the easement is 14 feet wide. Those I believe were inconsistent.
>
> Q. So he could not remember the name of particular people and everybody knows

6

¶15 The referee acknowledged that the evidence offered in support of this charge was "not extensive." He noted the OLR had failed to show with any specificity that Attorney Merry had, in fact, given "four different answers" during his meeting with the committee, as alleged in the complaint. The referee deemed Attorney Merry "generally cooperative" and "credible and reliable" with respect to other testimony.

¶16 However, the referee stated, "I have not found [Attorney] Merry's claim of a memory lapse to be credible, where [as became apparent during the evidentiary hearing] his own client in the underlying litigation was a principal source of his information," pertaining to the need for a 14-foot easement. Attorney Merry's client, K.F., had spent 17 years on the New Glarus Fire Department. Accordingly, the referee concluded

---

it's 14 feet. How are those two statements inconsistent?

A. I believed that he was being evasive in not providing the names of the people.

Q. I understand what your conclusions were. I'm looking for testimony about the specific statements made by Mr. Merry so that the Referee can determine whether in fact he made inconsistent statements. So I'm asking you in what way were the two statements that you ascribe to Mr. Merry inconsistent: One being that he could not remember names and the other being everybody knows that 14 feet is required? How are those inconsistent?

A. I think they were inconsistent in that if everybody knows, then he would have a name of a person who provided that information to him.

7

that "[Attorney] Merry willfully failed to provide relevant information, and [willfully] failed to answer questions fully in the course of an OLR investigation" and "failed to cooperate in the investigation of a grievance filed with the OLR," thereby violating SCRs 22.03(6) and 20:8.4(h).

¶17 We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id.

¶18 Our rules require an attorney being investigated for professional misconduct to fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct. SCR 22.03(6). This obligation exists "regardless of the merits of the matters asserted in the grievance." Id. The fact that Attorney Merry is exonerated of the claim that he made a false statement to the court does not excuse him of his obligation to cooperate with the OLR's inquiries. Cooperation with disciplinary investigations conducted by district grievance committees and the OLR is essential to the effectiveness of such investigations, and a lawyer's failure to cooperate constitutes serious misconduct.

¶19 Attorney Merry suggests that the referee's credibility determination is clearly erroneous because it was based on an inference derived from the fact that Attorney Merry's own client had told him about the easement widths such that he must have known the source of the information. He maintains that he

8

responded to the district committee's questions as best as he was able.

¶20 Ordinarily, we defer to a referee's findings of fact. In re Disciplinary Proceedings Against Carroll, 2001 WI 130, ¶29, 248 Wis. 2d 662, 636 N.W.2d 718. While a close call, we will not deviate from that practice here. The referee unequivocally determined that Attorney Merry's explanation was not credible. The referee inferred that Attorney Merry was disinclined to aid the investigative committee with claims he had deemed "absurd." We will not deem the referee's findings clearly erroneous.

¶21 We remind Attorney Merry that our rules require lawyers to cooperate with the OLR in its investigations, even when, as here, the underlying grievance turns out to lack merit. Frustration with an investigation the lawyer believes lacks merit does not excuse noncooperation.

¶22 However, as the referee observed, this was a weak case in many respects. There is evidence the district committee thought the grievant, J.F., was not credible. At oral argument to this court we pressed counsel for the OLR to explain why it was so important to know who, specifically, told Attorney Merry that a 14-foot easement was needed when, apparently, that assertion was entirely correct, as confirmed by deposition testimony of each of the chiefs of the New Glarus Fire Department and New Glarus EMS in April 2012. The OLR's explanation, that it pursued prosecution of Count One because only one specific individual was authorized to communicate this

9

information to Attorney Merry, strikes us as hyper-technical and unconvincing.

¶23 The weakness of the OLR's case makes it an outlier. The OLR typically pursues claims of failure to cooperate in cases where there is little dispute that the lawyer failed to cooperate. Typically, the failure to cooperate charge accompanies a determination that the lawyer engaged in some underlying misconduct. Here, however, Attorney Merry is exonerated of any underlying misconduct and the information he allegedly withheld from the OLR——the name of the specific person who told him an apparently correct piece of information——appears to be of dubious relevance. While the referee correctly concluded that a violation of SCRs 22.03(6) and 20:8.4(h) occurred, we deem it a _de_ _minimis_ one, insufficient to warrant imposing the recommended discipline with its attendant costs of $13,727.71. We therefore dismiss the complaint.

¶24 IT IS ORDERED that the disciplinary complaint filed against Roger G. Merry, is dismissed. No costs.

¶25 SHIRLEY S. ABRAHAMSON, C.J. *(concurring in part and dissenting in part).* I agree with the referee and the per curiam opinion that Count 1 of the complaint should be dismissed.

¶26 The referee concluded that the OLR proved a violation of Count 2, failing to cooperate with the OLR investigation. In contrast, the per curiam opinion dismisses Count 2. I agree with the referee. I part company with the per curiam opinion on Count 2.

¶27 Attorney Merry is essentially asking this court to believe him although the referee who saw and heard Attorney Merry did not. Credibility is a finding of fact. The referee said he didn't find Attorney Merry credible. The court must accept the referee's findings of fact unless they are clearly erroneous. See per curiam op., ¶17.

¶28 Nothing in the record or the referee's report warrants disregarding the referee's carefully analyzed and carefully articulated credibility determination.

¶29 Consequently, the per curiam opinion must and does accept the referee's finding that Attorney Merry is not credible. To avoid this factual finding, the per curiam opinion declares the violation to be "de minimis" and "hyper-technical." It dismisses the complaint.

¶30 A "de minimis" or "hyper-technical" violation is, in my opinion, still a violation (whatever the meaning of these

1

terms that appear to set gradations of violations or shades of credibility).

¶31 I am persuaded that a public reprimand, recommended by the referee, is appropriate in the present case (even though Attorney Merry has been disciplined on five prior occasions). The extent, nature, and circumstances of the violation are, as I see it, relevant in determining the discipline to be imposed. The referee has provided a thoughtful analysis and recommendation. I would follow it.

¶32 For the reasons stated, I write separately.

¶33 I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.